NOT DESIGNATED FOR PUBLICATION

No. 124,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN VLCEK,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Russell District Court; LISA BERAN, judge. Opinion filed January 20, 2023. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Ted E. Smith*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ISHERWOOD, P.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: The Kansas Department of Revenue (KDOR) suspended Dustin Vlcek's driver's license as provided in K.S.A 2019 Supp. 8-1002 after Vlcek failed a breath test. Vlcek's sole claim on appeal is that the district court erred in finding law enforcement had reasonable grounds to request testing. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2020, at around 1 a.m., the Chief of Police for the City of Wilson initiated a traffic stop of Dustin Vlcek for speeding and committing a lane violation. Although the stop originated within the city limits of Wilson, it ended outside of town.

1

Because of the potential jurisdiction issue this might create, and because he suspected Vlcek of being impaired by drugs or alcohol, the Chief of Police summoned Highway Patrol Trooper Ryan Baxter to the scene. The Chief indicated his suspicion of impairment to Baxter before he arrived.

Once at the scene, Trooper Baxter approached Vlcek's vehicle and noted that Vlcek was the only occupant in the car. Baxter did not immediately observe any indications of impairment by Vlcek. Baxter asked Vlcek whether he had been drinking that night, and he admitted to drinking one beer and that he had alcohol in his car. Baxter located a cooler containing the beer in Vlcek's backseat.

Vlcek agreed to submit to field sobriety testing, and once Vlcek was out of his vehicle, Trooper Baxter noticed that Vlcek's speech was slurred, he appeared to have difficulty comprehending and responding to Baxter's questions, and his eyes were watery. These were all things that Baxter was trained to recognize as signs of possible impairment. And based on his training, Baxter believed these were signs that Vlcek was in violation of driving under the influence (DUI) of alcohol.

Vlcek agreed to perform a "toe-to-heel"—or "walk-and-turn"—test as a part of his field sobriety testing. Based on his training, Trooper Baxter knew to look for eight clues of impairment during this test. Baxter noted that Vlcek was unable to maintain a steady starting position while receiving instructions on how to perform the test. Vlcek also failed to maintain proper toe-to-heel steps. He also stepped to the side, swayed, and used his arms for balance. Baxter scored Vlcek as exhibiting three of the eight possible impairment clues.

Vlcek also performed a one-leg-stand test, during which Trooper Baxter observed additional signs of impairment. Baxter noted that Vlcek lost his balance and put his second foot down multiple times during the 20- to 30-second time frame that he was

2

supposed to stand with one foot up. Vlcek exhibited one of four possible impairment clues according to Baxter.

Vlcek submitted to a preliminary breath test (PBT), which showed a positive reading for alcohol consumption based on a .220 blood alcohol content. Trooper Baxter then arrested Vlcek for DUI.

After receiving a certification and notice of suspension of his driver's license, known as a DC-27 form, Vlcek requested an administrative hearing. On July 27, 2020, an administrative hearing officer considered the matter and affirmed Vlcek's license suspension. Finding that Trooper Baxter had reasonable grounds to suspect Vlcek of DUI and therefore to administer a breath test under K.S.A. 8-1001, the hearing officer affirmed the suspension of Vlcek's driving privileges.

Vlcek timely petitioned for judicial review of the hearing officer's determination, arguing Trooper Baxter lacked reasonable grounds to request testing. At the hearing before the district court, Baxter was the only witness.

In his testimony, Trooper Baxter provided the details surrounding Vlcek's stop and arrest as already outlined. Baxter testified that he knew that the Wilson Chief of Police suspected Vlcek of DUI, but Baxter was not allowed to testify about the specific information relayed to him by the Chief because the district court sustained Vlcek's objection to such testimony as hearsay evidence.

Vlcek argued in closing that the results of the PBT were inadmissible and should not be considered by the district court in determining whether reasonable grounds existed to request a breath test under K.S.A. 8-1001(b)(1). Vlcek specifically claimed that Trooper Baxter performed a "pre-arrest" search when he administered the breath test, so the search incident to arrest exception generally authorizing breath tests did not apply.

3

The district court agreed and granted Vlcek's motion to suppress the results of the PBT, finding Vlcek did not voluntarily consent to the test. However, even without considering the test results, the district court ultimately affirmed the suspension of Vlcek's license. The district court found Trooper Baxter had reasonable grounds to request the evidentiary breath test because Vlcek

- admitted to drinking and having alcohol in the car;
- slurred his speech and had slow responses to questions;
- had watery eyes; and
- performed field sobriety tests in a way which indicated "balance and coordination issues."

Vlcek timely appeals. The KDOR does not cross-appeal the district court's inadmissibility finding on the PBT.

ANALYSIS

The only issue that Vlcek raises on appeal is whether Trooper Baxter had reasonable grounds to believe Vlcek drove under the influence of alcohol, thus allowing Baxter to request testing pursuant to K.S.A. 2019 Supp. 8-1002(a)(2).

*Standard of Review*

When reviewing a district court's decision in a driver's license suspension case, we review the district court's factual findings for substantial competent evidence. We then decide whether the conclusion derived from those findings is legally correct. *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1213, 442 P.3d 1038 (2019). Substantial competent evidence is evidence that has both relevance and substance and provides a

4

substantial basis of fact from which the court can reasonably resolve the issues. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 73, 350 P.3d 1071 (2015).

When determining whether substantial competent evidence supports the district court's findings, "'appellate courts must accept as true the evidence and all the reasonable inferences drawn from the evidence which support the district court's findings and must disregard any conflicting evidence or other inferences that might be drawn from it.'" *Casper*, 309 Kan. at 1220. This court will not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

*Discussion*

K.S.A. 2019 Supp. 8-1001(b)(1) provides in relevant part that if an officer has "probable cause" to believe a driver is DUI and the person has been arrested or taken into custody, the officer shall request the person to submit to a breath or blood test. If the driver fails the test, an officer must follow certain procedures, including preparing an appropriate certification and providing the driver proper notice of suspension. See K.S.A. 2019 Supp. 8-1001(c); K.S.A 2019 Supp. 8-1002(a)(2) and (b)-(d). This was the procedure followed in Vlcek's case.

Another panel of this court recently explained that regardless of the use of the terms "probable cause" versus "reasonable grounds" in the applicable statues, this court's analysis is the same:

> "[U]ntil July 2018, the statutory standard to request a breath test was 'reasonable grounds
> to believe' rather than the current 'probable cause.' See K.S.A. 2017 Supp. 8-1001(b)(1).
> But the statutory provision requiring law enforcement certification of the results retains
> the 'reasonable grounds' language. See K.S.A. 2018 Supp. 8-1002(a)(1)-(2). That said,

5

because Kansas courts treat reasonable grounds as synonymous with probable cause, there is no material difference between these two standards in this context and they should be considered interchangeable throughout this opinion. See *Swank*[ *v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012)]." *Burris v. Kansas Dept. of Revenue*, No. 122,914, 2021 WL 2766276, at *3 (Kan. App. 2021) (unpublished opinion).

Also, "establishing probable cause to support a request for a breath test simultaneously establishes probable cause for a lawful arrest. See *Casper*, 309 Kan. at 1215." *Burris*, 2021 WL 2766276, at *3. Probable cause exists when an officer has a "'reasonable belief that a specific crime has been or is being committed and that the defendant committed the crime.'" *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012).

Before the KDOR can suspend a person's driving privileges after a breath test failure, a law enforcement officer must certify the officer had "reasonable grounds" to believe that the person operated a vehicle while under the influence of alcohol. K.S.A. 2019 Supp. 8-1002(a)(2).

Vlcek, having successfully suppressed the results of the PBT, argues the only evidence presented to establish reasonable grounds was Vlcek's performance on the standardized field sobriety tests, "with nothing else presented to the court to support the arrest." And he compares his field sobriety test results with the results of the field sobriety tests in *Casper*, noting that there were more field sobriety test "clues" present in *Casper*, which the court found to be insufficient to establish reasonable grounds. Vlcek argues "probable cause requires actual evidence of impairment due to alcohol consumption not just suspicion without factual support."

Under K.S.A. 2019 Supp. 8-1020(q), Vlcek carries the burden to show that the agency decision to suspend his license should be set aside. Here, he contends only that Trooper Baxter lacked probable cause to believe that Vlcek had committed a violation of

6

K.S.A. 8-1567. Although Vlcek acknowledges "[p]robable cause determinations are highly case and fact specific," other than the results of the field sobriety tests, he disregards or dismisses factors testified to by Baxter and cited by the district court in its ruling. Thus, Vlcek's admission of drinking, the presence of alcohol in the car, slurred speech, watery eyes, slowness in responding to Baxter, and difficulty communicating, are either not addressed or are summarily categorized as "signs of alcohol *consumption*, but not *impairment*."

*Casper* does not establish a threshold score for any field sobriety test, and a field sobriety test score is not the only evidence to be considered in a reasonable grounds or probable cause inquiry. The analysis by the Supreme Court in *Casper* largely reflects the nature of the standard of review—whether there is substantial competent evidence supporting the decision made by the district court. As noted above, appellate courts do not reweigh evidence or make credibility determinations. The district judge in *Casper* articulated the facts and inferences upon which it based its decision, and the Supreme Court concluded the evidence in the record supported the district court's conclusion in that case. 309 Kan. at 1221.

Here, the district court issued a written, well-articulated analysis of the law and a recitation of the facts supporting its ultimate conclusion. As the district court order notes, the probable cause determination is based on the "totality of information and reasonable inferences available to the arresting officer." Citing our court's unpublished decision in *Jackson v. Kansas Dept. of Revenue*, No. 118,504, 2018 WL 3596022 (Kan. App. 2018) (unpublished opinion), the district court properly recognized it was required to review the totality of the circumstances to determine whether there were reasonable grounds to request an evidentiary breath test. And the totality of the circumstances encompasses all facts and inferences, not just a select few. *State v. Jones*, 300 Kan. 630, 645, 333 P.3d 886 (2014). The suppression of the PBT did not resolve the case, nor did the relatively low number of clues of impairment from the field sobriety tests end the inquiry. Vlcek

7

focuses entirely on scores from the field sobriety tests, and the fact Trooper Baxter did not immediately see signs of impairment in his initial interaction with Vlcek. The district court was required to, and did, analyze all of the information and evidence known to the arresting officer.

Trooper Baxter's report of the incident shows that the Wilson Chief of Police initiated a stop because Vlcek committed traffic violations, including speeding and a lane violation. Baxter did—contrary to Vlcek's suggestion otherwise—consider Vlcek's slurred speech, slowed responses, and watery eyes as indications of impairment. Baxter unequivocally testified that he made each of those observations according to his training and as a part of his investigation for alcohol impairment. To the extent that Vlcek claims those observations were not indications of impairment, or that the district court improperly considered those facts in its analysis, we plainly reject his argument as unsupported.

The district court necessarily relied exclusively on the testimony of Trooper Baxter in making its decision. Vlcek's admission to drinking and having alcohol with him in the car, slurred speech, slow and confused responses, watery eyes, and indications of impairment during his field sobriety testing altogether support the finding of reasonable grounds to request testing under the Kansas implied consent statute. See K.S.A. 2019 Supp. 8-1002(a)(2). We find Baxter's testimony provides substantial competent evidence upon which the district court based its findings and consequently affirm the district court's order affirming the suspension of Vlcek's driving privileges.

Affirmed.